Probert & Armbruster v. Anderson.

PROBERT & ARMBRUSTER · V. ANDERSON.

1. Pleading: DENYING SIGNATURE TO PAPER SUED ON : BURDEN OF
   PROOF.  In an action upon a contract which plaintiffs claimed to
   own by virtue of a written but lost assignment from the original
   owner, defendant denied generally the allegations of the petition.
   *Held* that this, without a special denial of the signature to the
   alleged assignment, put in issue the execution of the assignment
   and plaintiffs' ownership of the claim, and cast upon plaintiffs the
   burden to establish the existence of the assignment, and to show, at
   least, its substance, and that it was of force when the action
   was commenced, and when a judgment was demanded thereon.
   (See Code, sec. 2730.)

2. Instructions : REFERRING TO PLEADINGS.  The court directed the
   jury to find for plaintiffs unless they found that the signature of
   the defendant was obtained by fraud " as alleged in the answer."
   *Held* that this reference to the answer was not error, because the
   substance of the answer had been stated in a previous instruction,
   to which the jury was referred by the language used.

*Appeal from Wright District Court.*—HON. JOHN L.
                STEVENS, Judge.

FILED, JANUARY 29. 1889.

Probert & Armbruster v. Anderson.

ACTION upon a contract for the purchase of a twine-binder harvester. There was a judgment upon a verdict for defendant. Plaintiffs appeal.

*Martin & Wambach* and *Pillsbury, Moats & Moats,* for appellants.

*Chase & Chase,* for appellee.

BECK, J.—I. The petition declares upon a contract in the form of an order executed by the parties for the

1. PLEADING: denying signature to paper sued on: burden of proof.

purchase of a twine binder. The order expresses the terms and conditions of the purchase, which need not be here stated. It is alleged that plaintiffs are the assignees of the claim upon the contract, under a written assignment, which has been lost. The substance of the assignment is set out in an amended petition. The defendant denies generally the allegations of the petitions, and alleges that he took the binder upon an oral agreement providing, substantially, that he should try it, and, if not satisfied with it, he should have the right to return it without any liability; that at the solicitation of the sellers of the machine he signed what was represented to him as an order for the machine, but that it was represented by the seller that defendant would in no manner be liable thereon, unless he should elect to purchase the machine ; and that upon trial the machine proved unsatisfactory and defective, and defendant elected not to purchase it. In an amended answer defendant admits the signature to the contract, but says it was procured by fraud and misrepresentation of the other party, whereby defendant was induced to believe that it was nothing more than an order for the machine, and would not change or modify the oral agreement for its purchase, and therefore he did not have the paper examined, as he did not read or understand the English language.

II. By instructions given to the jury they were required to find that the contract was owned by plaintiffs before rendering a verdict for them. It is insisted

that, as there is no denial of the signature of the assignment, it is to be regarded as admitted, under Code, section 2730.   But the defendant's answer put in issue the execution of the assignment, and plaintiffs' ownership of the claim.   He denies that the claim was transferred by the assignment.   Certainly the existence and effect of the assignment was put in issue.   The burden rested on plaintiffs to establish the existence of the assignment; to show the substance, at least, of this instrument, and that it was of force, or, rather, that the contract it expressed was in force, when the action was commenced, and when a verdict and judgment were demanded thereon.   The instructions given to the jury are in accord with this view.   But counsel insist that there was no evidence authorizing the giving of these instructions.   We think otherwise, and that it was an issue to be determined by the jury, upon which there was evidence, whether there was in fact an assignment, and whether it was executed before the suit was commenced.

III.   An instruction directs the jury to return a verdict for plaintiffs, if they find certain facts, unless the signature of defendant was obtained by 2. INSTRUCTIONS: referring to fraud, "as alleged in the defendant's pleadings. answer."   It is insisted that this is a reference to the answer to determine the contents thereof, and is therefore erroneous.   But a preceding instruction states the substance of the answer, and the language objected to is to be understood as a reference thereto.

IV.   The fourth instruction given to the jury states rules as to fraud by false representations.   Counsel insist that there is no evidence to which the instruction is applicable, and it is therefore erroneous.   But this position is not supported by the record, which presents evidence tending to prove that plaintiffs' assignors falsely represented the substance and effect of the instrument signed by defendant, and that these representations were believed by him, and he was thereby induced to sign the paper.

V. It cannot be said that the verdict is so wholly without the support of the evidence as to require it to be set aside. Upon some points of the case the evidence is weak, but upon none is there such an absence of proof as to authorize the conclusion that the verdict is the result of passion or prejudice. The judgment of the district court is

AFFIRMED.